IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOROTHY JEFFRIES,

    Plaintiff,

v.                                                                     Civ. No. 22-685 DHU/SCY

DENNIS GARCIA,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings. Doc. 7. The Honorable David H. Urias referred this matter to me pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3) and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 25. Having reviewed the briefs and legal authority, I recommend granting Defendant's motion because Plaintiff, who is proceeding pro se, fails to allege facts establishing her standing to bring this lawsuit.

**FACTUAL BACKGROUND**

I take the following facts from Plaintiff's complaint, which I assume are true for the purposes of the present motion and construe them in the light most favorable to Plaintiff. Jose and Alice Garcia are the parents of adult children Dorothy Jeffries (Plaintiff) and Dennis Garcia (Defendant). Doc. 1-1 ¶¶ 2, 4. Jose Garcia is now deceased. *Id.* ¶ 1. Plaintiff was appointed by a power of attorney dated February 17, 2019 to "perform some certain acts for the estate of Jose (Deceased) & Alice Garcia." *Id.* ¶ 3.

In 2017, and the years before, Defendant and "other siblings" induced Jose and Alice to drink alcohol excessively. *Id.* ¶¶ 9-10. Plaintiff tried to stop Jose and Alice from drinking

excessively, due to concerns about their health, but all her efforts were futile. *Id.* ¶ 12. Defendant did not make appropriate plans for the medical attention Jose and Alice needed. *Id.* ¶ 15. For a while, Plaintiff's sister was taking care of them, but she stopped "coming around to help" and Plaintiff was not informed. *Id.* ¶ 15. Plaintiff wanted to care for her parents, but due to her schedule could only care for them on weekends. *Id.* ¶¶ 16. Thus, Jose and Alice had a caregiver visit them during the time Plaintiff was unavailable. *Id.* ¶ 17. But Jose and Alice continually fired caregivers, which Jose explained was due to fear that someone was taking advantage of him. *Id.* ¶ 17. Defendant would not listen to Plaintiff's pleas to allow her to take care of their parents and eventually Plaintiff reported Defendant to the Adult Protective Agency for elder abuse. *Id.* ¶¶ 19, 20. Plaintiff, however, did not follow through with the complaint to the Adult Protective Agency because her other brother, Joe Garcia, told Plaintiff that "they have friends down there," prompting Plaintiff to feel fearful and uneasy. *Id.* ¶ 21.

Eventually, Defendant induced Jose and Alice, while they were under the influence of alcohol, to sign a document. *Id.* ¶¶ 11. After he had this document, Defendant relocated Alice from her home, leaving the home empty as Jose was already living in a nursing facility per doctor's orders given his failing health. *Id.* ¶¶ 13, 18. Defendant then sold Alice and Jose's home and "transferred all of their money into some kind of investment accounts and a little into a savings account." *Id.* ¶ 14. When Plaintiff challenged the transfer of money and sale of Jose and Alice's home, Defendant used his influence as a Vice President of US Bank to stop Plaintiff's power of attorney from being recognized. *Id.* ¶¶ 22.

Plaintiff's complaint alleges six causes of action: (1) negligent breach of fiduciary duty; (2) reckless breach of fiduciary duty; (3) intentional breach of fiduciary duty; (4) unjust

enrichment from the proceedings of the illegal sale; (5) conversion of funds; and (6) financial elder abuse. *Id.* at 5-8.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) states, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The court rules on a motion for judgment on the pleadings using the same standard as a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Thus, all the well-pleaded allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff." *Aspenwood Inv. Co.*, 355 F.3d at 1259 (internal citation omitted).

When a plaintiff proceeds pro se, the court generally construes her pleadings liberally, holding them to a less stringent standard than those a party represented by counsel files. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In so doing, the court makes allowance for a pro se litigant's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Id.* The court will not, however, construct arguments or search the record for the pro se party. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Issues will be waived if the pro se party's briefing "consists of mere conclusory allegations with no citations to the record or any legal authority for support." *Id.*

## ANALYSIS

**1. Response and Surreply**

As an initial matter, Defendant asks the Court to reject Plaintiff's untimely response. Doc. 18 at 2. Defendant filed his motion for judgment on the pleadings on October 11, 2022. Doc. 7. By October 26, Plaintiff had not filed a response and so Defendant filed a reply, noting as much, and a notice of competition of briefing. Docs. 15, 16. On October 27, Plaintiff filed a response. Doc. 17. Defendant argues that Plaintiff's response was due by October 25—14 days after service of the motion—and her October 27 response is therefore untimely. Doc. 15. Indeed, under this District's Local Rules "[a] response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M. LR-Civ. 7.4(a). This time period, however, is computed according to Federal Rule of Civil Procedure 6(d). *Id.* And Rule 6(d), in turn, adds three days to a deadline when service is made by mail. Fed. R. Civ. P. 6(d). Here, Defendant served his motion on Plaintiff by mail. Doc. 7 at 14 (certificate of service); Doc. 14 (Plaintiff's CM/ECF notification form, selecting service by mail). Thus, adding three days to the 14-day response deadline, Plaintiff's response was due by October 28, 2022. Her October 27 response, therefore, was not untimely and should be considered.

After Plaintiff filed her timely response (Doc. 17) and Defendant filed a reply (Doc. 18), Plaintiff filed a second "Opposition to Motion for Summary Judgment" (Doc. 20) and an Affidavit (Doc. 21). To the extent Plaintiff intends these documents to be a surreply, she did not obtain leave of the Court as required by Local Rule 7.4(b). I therefore recommend striking these documents. Nonetheless, if the presiding judge disagrees and considers them in deciding the motion for judgment on the pleadings, I have reviewed both documents and they do not change my analysis.

2. **Standing**

In his motion for judgment on the pleadings, Defendant raises three issues: (1) standing; (2) res judicata; and (3) failure to allege sufficient facts. Doc. 7. Because standing is jurisdictional, I will address it first. *See Kerr v. Polis*, 20 F.4th 686, 692 (10th Cir. 2021).

"The Constitution gives federal courts the power to adjudicate only genuine 'Cases' and 'Controversies.' That power includes the requirement that litigants have standing." *Kerr*, 20 F.4th at 692 (internal quotation marks and citations omitted). Standing encompasses three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* At the pleading stage, this means "the plaintiff must clearly allege facts demonstrating each element." *Id.* (cleaned up).

Here, Defendant argues that "Plaintiff is pursuing this lawsuit in her individual capacity, yet she does not allege any actual or threated injury to herself." Doc. 7 at 4. As to the injury element, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc.*, 578 U.S. at 339 (internal quotation marks and citation omitted). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* (internal quotation marks and citation omitted). Concrete, in turn, means that the "injury must be *de facto*; that is, it must actually exist." *Id.* at 340 (internal quotation marks and citation omitted).

As Defendant correctly points out, Plaintiff brings this lawsuit in her individual capacity. *See* Doc. 1-1 at 2 (case caption noting Dorothy Jeffries as Plaintiff); *id.* ("Plaintiff Dorothy Jeffries 'Dorothy' appears before this court seeking damages in excess of $50,000 from

5

Defendant Dennis Garcia…."); *id.* at 3 ¶ 2 (under the "Parties" section listing the plaintiff as Dorothy Jeffries); *id.* at 9 (prayer for relief, seeking a judgment and damages "in favor of Plaintiff"). However, nowhere in her complaint does Plaintiff allege that she suffered any injury. Instead, all the causes of action in her complaint allege that Defendant caused injury to her parents, Jose and Alice Garcia:

- introduction, seeking damages for "Negligent breach of Fiduciary Duty owed to Jose (Deceased) & Alice Garcia"; "Reckless breach of Fiduciary Duty owed to Jose (Deceased) & Alice Garcia"; "Intentional breach of Fiduciary Duty owed to Jose (Deceased) & Alice Garcia"; "Unjust enrichment from the proceeds of illegal sale of Jose (Deceased) & Alice Garcia properties"; "Conversion of funds belonging to Jose (Deceased) & Alice Garcia"; and "Financial elder abuse of Jose (Deceased) & Alice Garcia" (Doc. 1-1 at 2);
- Count I, negligent breach of fiduciary duty: "At all times relevant to this litigation, Defendant Garcia owed a fiduciary duty to Jose (Deceased) & Alice Garcia. Defendant Garcia negligently breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to the Jose (Deceased) & Alice Garcia. Accordingly, Defendant Garcia is liable in damages to Jose (Deceased) & Alice Garcia in excess of $50,000.00, the exact amount to be proven at trial arising out of Garcia's negligent breach of his fiduciary duty to Jose (Deceased) & Alice Garcia." (*id.* at 5 ¶¶ 24-26);
- Count II, reckless breach of fiduciary duty: "At all times relevant to this litigation, Defendant Garcia owed a fiduciary duty to Jose (Deceased) & Alice Garcia. Defendant Garcia recklessly breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to Jose (Deceased) & Alice Garcia. Accordingly, Defendant Garcia is liable in damages to Jose (Deceased) & Alice Garcia in excess of $50,000.00, the exact amount to be proven at trial out arising of Garcia's reckless breach of [his] fiduciary duty to Jose (Deceased) & Alice Garcia." (*id.* at 5 ¶¶ 28-30);
- Count III, intentional breach of fiduciary duty: "At all times relevant to this litigation, Defendant Garcia owed a fiduciary duty to Jose (Deceased) & Alice Garcia. Defendant Garcia intentionally breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to Jose (Deceased) & Alice Garcia. Accordingly, Defendant Garcia is liable in damages to Jose (Deceased) & Alice Garcia in excess of $50,000.00, the exact amount to be proven at trial out arising of Garcia's intentional breach of [his] fiduciary duty to Jose (Deceased) & Alice Garcia." (*id.* at 5-6 ¶¶ 32-34);
- Count IV, unjust enrichment: "During the period from approximately August 24, 2017, to November 2018 Defendant Garcia unjustly enriched himself by wrongfully converting, taking, utilizing or managing the property and financial interests of Jose (Deceased) & Alice Garcia. Such acts and omission leading to the Defendant's unjust enrichment were the actual and proximate cause of harm to

- Jose (Deceased) & Alice Garcia. Accordingly, Defendant Garcia is liable in damage to Jose (Deceased) & Alice Garcia . . . ." (*id.* at 6 ¶¶ 37-39);
- Count V, conversion: "At all times relevant to this litigation, Defendant Garcia owed Jose (Deceased) & Alice Garcia a duty not to convert Jose (Deceased) & Alice Garcia['s] property to his own use and benefit. . . . Defendant breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to Jose (Deceased) & Alice Garcia. Accordingly, Defendant Garcia is liable in damages to Jose (Deceased) & Alice Garcia . . . ." (*id.* at 6-7 ¶¶ 41, 43-44);
- Count VI, financial elder abuse: "As a direct [and] proximate cause of the wrongful conduct of Defendant Garcia, Jose (Deceased) & Alice Garcia have been deprived of their properties. The conduct of Defendant Garcia constituted recklessness, oppression, fraud, and malice in the commission of the financial abuse and Jose (Deceased) & Alice Garcia are entitled to recover punitive and exemplary damages. . . . Accordingly, Defendant Garcia is labile in damages to Jose (Deceased) & Alice Garcia in excess of $50,000.00 . . . ." (*id.* at 8 ¶¶ 54-56); and
- Count VII, punitive damages: "At all relevant times, Defendant Garcia owed Jose (Deceased) & Alice Garcia a duty to act with due care and regard for Jose (Deceased) & Alice Garcia['s] rights, safety and interest . . . . Defendant breached that duty of due care on more than one occasion. . . . Accordingly, Defendant is liable for punitive damages to Jose (Deceased) & Alice Garcia in excess of $50,000.00, the exact amount to be proven at trial." (*id.* at 8 ¶¶ 58-59, 61).

Doc. 1-1. Again, Plaintiff fails to allege that she suffered any injury and "[t]he Art. III judicial power exists only to redress or otherwise to protect against injury *to the complaining party*." *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000) (emphasis in original). Plaintiff's interest in pursuing this case on behalf of her injured parents is insufficient to establish standing. *Id.* at 772 ("An interest unrelated to injury in fact is insufficient to give a plaintiff standing."). I therefore recommend finding that Plaintiff has failed to allege facts showing she suffered an injury in fact.

Plaintiff does allege that "[p]ursuant to the power of Attorney dated February 17, 2019, Plaintiff Dorothy Jeffries was appointed as an Attorney to perform some certain acts for the estate of Jose (Deceased) & Alice Garcia." Doc. 1-1 ¶ 3. "In some instances, an assignee can establish Article III standing 'based on his assignor's injuries.'" *Dotson v. AWA Collections*, No.

22-6078, 2023 WL 3055574, at *2 (10th Cir. Apr. 24, 2023) (quoting *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008)). Here, however, Plaintiff's complaint provides no further facts regarding the power of attorney, such as which "certain acts" it empowers her to perform, or facts regarding the relevant assignments of her parents' interests.

Further, even if acting under a valid power of attorney, Plaintiff's complaint does not purport to bring this lawsuit on behalf of Jose and Alice. *See* Fed. R. Civ. P. 17(a) (concerning a different, but related issue of real party in interest: "The following may sue in their own names without joining the person for whose benefit the action is brought: (A) an executor; (B) an administrator; (C) a guardian; (D) a bailee; (E) a trustee of an express trust; (F) a party with whom or in whose name a contract has been made for another's benefit; and (G) a party authorized by statute."). Instead, Plaintiff brings this lawsuit in her individual capacity, seeking damages in her favor while alleging that Defendant's actions caused harm to her parents.

For these reasons, I recommend that the Court grant Defendant's motion for judgment on the pleadings as Plaintiff fails to allege facts demonstrating that she has standing. Without standing, the Court lacks jurisdiction over this matter and so I recommend that the Court not consider Defendant's other grounds for judgment on the pleadings (res judicata and failure to state a claim). *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217 (10th Cir. 2006) ("[O]nce a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim."). Lastly, because I recommend finding that the Court lack jurisdiction over this matter, I recommend that the Court dismiss Plaintiff's complaint without prejudice. *See Brereton*, 434 F.3d at 1216 ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice . . . . Since standing is a

jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice.").

## RECOMMENDATIONS

For these reasons I recommend as follows:

- STRIKE as unauthorized surreplies Plaintiff's Opposition to Motion for Summary Judgment (Doc. 20) and Affidavit (Doc. 21);

- GRANT Defendant Dennis Garcia's Motion for Judgment on the Pleadings (Doc. 7); and

- DISMISS WITHOUT PREJUDICE Plaintiff's Civil Complaint (Doc. 1-1).

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**